UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-2325 JGB (SPx)** | Date | May 6, 2020 |
|---|---|---|---|
| Title | ***James Rutherford v. Tung Thanh Dinh, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:    **Order (1) DENYING Plaintiff's Motion for Default Judgment (Dkt. No. 14); and (2) VACATING the hearing set for May 11, 2020 (IN CHAMBERS)**

Before the Court is Plaintiff's Motion for default judgment. ("Motion," Dkt. No. 14.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court DENIES the Motion. The May 11, 2020 hearing is VACATED.

## I. BACKGROUND

Plaintiff James Rutherford filed a Complaint against Defendants Tung Thanh Dinh and Thien Tran Dinh on December 4, 2019. ("Complaint," Dkt. No. 1.) The Complaint alleges two causes of action: (1) Violation of the Americans with Disabilities Act and (2) Violation of the Unruh Civil Rights Act. (See Complaint.)

Plaintiff alleges that Defendants, as individuals and as trustees of the N.D. DINH TRAN LIVING TRUST, dated January 27, 1988, owned a property located at 120 South Harbor Boulevard Unit B, Santa Ana, California 92704 ("Pharmacy"). (Complaint ¶ 2.) Plaintiff further alleges that he visited the Pharmacy on December 18, 2018, and observed that the accessible parking spots were "not located on the shortest accessible route to the entrance" and instead were "clustered together at the farthest end of the building from where the entrance to this facility is located." (Id. ¶¶ 8, 12.)

Defendants were properly served with the Complaint, summons, and other Court documents by substituted service. (Dkt. Nos. 9, 10.) Despite being served with the summons and Complaint, Defendants failed to file a response within the time prescribed by the Federal Rules of Civil Procedure.

After Defendants failed to file a responsive pleading, Plaintiff filed a request for entry of default on February 3, 2020. (Dkt. No. 11.) The Clerk of this Court entered default against Defendants on February 5, 2020. ("Entry of Default," Dkt. No. 12.) On March 30, 2020, Plaintiff moved for default judgment, requesting $8,269.00 in damages, attorneys' fees, and costs. (Motion.) In support of the Motion, Plaintiff filed the Declaration of Joseph R. Manning Jr. and his own declaration. (Manning Declaration, Dkt. No. 14-3; Rutherford Declaration, Dkt. No. 14-4.) No opposition was filed.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. Local Rule 55-1 requires an application to the Court for default judgment be accompanied by a declaration that conforms to the requirements of Federal Rule of Civil Procedure 55(b) and set forth the following information:

> (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55–1.

Whether to enter default judgment is within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980). In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for consideration in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 ("Eitel factors"). Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven. TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). A plaintiff is required to provide evidence of his damages, and a court may rely only on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P.

55(b)(2).  Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

### III.   DISCUSSION

Plaintiff moves this Court to enter default judgment against Defendant.  Plaintiff seeks to recover $8,269.00.  (Motion at 12.)  In order for default judgment to be entered in his favor, Plaintiff must meet the procedural requirements described above and establish that, on balance, the Eitel factors weigh in his favor.  The Court evaluates these factors below.

### A.  Procedural Requirements

Plaintiff has satisfied the procedural requirements for entry of default judgment by the Court.  Pursuant to Federal Rule of Civil Procedure 55, Plaintiff did not petition for entry of default judgment until after default was entered against Defendants by the Clerk.  (Entry of Default.)  Additionally, Plaintiff's Motion and accompanying declaration set forth the information required by the Local Rules of this Court.  (See Manning Declaration.)  Plaintiff's counsel also represents that notice of this Motion was served by mail to Defendants on March 30, 2020.  (Id. ¶ 5.)

### B.  Eitel Factors

#### 1.  Possibility of Prejudice to Plaintiff

Plaintiff would suffer prejudice if the Court does not enter default judgment.  Because Defendants have not appeared in this action, a default judgment is the only means by which Plaintiff may recover.  Absent a default judgment by this Court, Defendants will have avoided liability simply by not responding to Plaintiff's action.  Therefore, this factor weighs in favor of default judgment.  Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding the plaintiff would suffer prejudice absent entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

#### 2.  Substantive Merits of Plaintiff's Claims

The second and third Eitel factors concern the merits of Plaintiff's substantive claims, and the sufficiency of the complaint.  Eitel, 782 F.2d at 1471-72.  "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'"  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) (internal citation omitted).

Title III of the ADA prohibits discrimination by public accommodations.  It provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place

---

of public accommodation." 42 U.S.C. § 12182(a).  "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir.2007) (internal alteration original).  In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable."  Parr v. L & L Drive–Inn Restaurant, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); see also Johnson v. Beahm, 2011 WL 5508893, *2 (E.D.Cal. Nov. 8, 2011).

As with all causes of action, a plaintiff must have Article III standing to bring a claim under the ADA.  To establish Article III standing, a plaintiff must demonstrate that he or she has suffered an injury in fact, that the injury is traceable to the defendant's challenged conduct, and that the injury can be redressed by a favorable decision.  Hubbard v. Rite Aid Corp., 433 F. Supp. 2d 1150, 1162 (S.D. Cal. 2006).  "Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011).  Rather, the barrier need only interfere with the plaintiff's "full and equal enjoyment" of the facility. 42 U.S.C. § 12182(a). The Ninth Circuit has held:

> Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III . . . .

Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1042 n.5 (9th Cir. 2008).  "[A] 'barrier' will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability."  Chapman, 631 F.3d at 947.

Plaintiff makes bare bones allegations regarding his injury.  He alleges only that the accessible parking spaces at the Pharmacy were not compliant with the requirements of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and states conclusorily that he was denied access to the services of the Pharmacy.  He fails, however, to explain *how* he was denied access or draw any link between the alleged violation and the alleged denial of services or identify the denial.  Plaintiff does not, for example, allege that he was unable to park or unable to enter the Pharmacy because of the non-compliant spaces.

Plaintiff must do more than visit a location where there is an ADA violation to have standing.  At a minimum, Plaintiff must allege that the violation interfered with his full and equal enjoyment of the facility.  The Court cannot conclude that the violation inferred with Plaintiff's

access without any facts showing such an interference.  Because Plaintiff fails to allege that the violation interfered with his access to the Pharmacy, he lacks standing to pursue a claim for the alleged violation.

Plaintiff fails to establish a right to recover against Defendants, and therefore the Court need not address the remaining <u>Eitel</u> factors.  <u>See</u> <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988) (setting aside a default judgment where plaintiff's complaint failed to state a claim for relief).

## IV.    CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default Judgment is DENIED.  The May 11, 2020 hearing is VACATED.


**IT IS SO ORDERED.**